UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY ISHO (formally WALEED ISHO),

        Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
DETROIT POLICE DETECTIVE THOMAS HORNER,
DETROIT POLICE OFFICER TERRENCE LAURENCELLE,
DETROIT POLICE SERGEANT WILLIAM PENDERGAST,
DETROIT POLICE LIEUTENANT JAMES AKRON,
DETROIT POLICE SERGEANT RON CONNELL,
DETROIT POLICE OFFICER ROBERT COLLINASH,
AGENT KIRK FLASHNER ARSON EXPLOSIVE UNIT ATF,
INVESTIGATOR JAMES MAY,
ATF AGENT MARY LOU FOLTS,
ATF AGENT PATRICIA PANNUTO,
ATF AGENT MARK DILLOW,
DETROIT POLICE SERGEANT ROBERT WILSON,
DETROIT POLICE OFFICER DAVID PAUCH,
DETROIT POLICE OFFICER RAYMOND JEFFRIES,
Current and/or former DETROIT POLICE SUPERVISORS, all
acting in their official and/or individual capacities, OTHER AS-OF-YET
UNKNOWN EMPLOYEES OF THE CITY OF DETROIT, and OTHER AS-OF-YET
UNKNOWN EMPLOYEES AND/OR AGENTS OF THE ATF,
jointly and severally,

        Defendants.

Case No. 2:23-cv-12614-LJM-CI
Hon. Laurie J. Michelson
Mag. Judge Curtis Ivy, Jr.

**NEUBAUER LEGAL SERVICES**
By:   Marie W. Neubauer (P71556)
*Attorneys for Plaintiff*
3128 Walton Blvd. #226
Rochester Hills, MI 48309
P: (248) 629-9694
E: neubauerlegal@gmail.com

**SEWARD HENDERSON PLLC**
By: T. Joseph Seward (P35095)
      Kali M. L. Henderson (P76479)
*Attorneys for Defendants Collinash and
Laurencelle, only*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com
E. khenderson@sewardhenderson.com

**THE LUCAJ LAW FIRM, PLLC**
By:   Valentina Lucaj (P70862)
*Attorneys for Plaintiff*
101 W. Big Beaver Rd., Suite 1000
Troy, MI 48084
P: (248) 457-7000
E: valentina@lucajlaw.com

## <u>ANSWER TO COMPLAINT ON BEHALF OF TERRENCE LAURENCELLE</u>

NOW COMES Defendant, **TERRENCE LAURENCELLE**, only, by and through his attorneys, **SEWARD HENDERSON PLLC**, and for his Answer to the Complaint, states as follows:

1.     In answer to paragraph 1, this Defendant denies the allegation contained therein that Plaintiff is entitled to any relief under any theory or under any Constitutional Amendment of the United States or the State of Michigan.

2.     In answer to paragraph 2, this Defendant denies the allegation contained therein for the reason it is untrue.

3.     In answer to paragraph 3, this Defendant neither admits nor denies the

allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

4.     In answer to paragraph 4, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

5.     In answer to paragraph 5, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

6.     In answer to paragraph 6, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

7.     In answer to paragraph 7, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

8.     In answer to paragraph 8, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

9.     In answer to paragraph 9, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

10.    In answer to paragraph 10, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

11.    In answer to paragraph 11, this Defendant denies the allegation contained therein for the reason it is untrue.

12.    In answer to paragraph 12, this Defendant denies the allegation contained therein for the reason it is untrue.

13.    In answer to paragraph 13, this Defendant denies the allegation contained therein for the reason it is untrue.

14.    In answer to paragraph 14, this Defendant denies the allegation contained therein for the reason it is untrue.

15.    In answer to paragraph 15, this Defendant denies the allegation that the Detroit Police Department failed to properly train and supervise the Detroit Police Officers for the reason that said allegation is untrue.  In answer to any remaining allegations contained therein, this Defendant neither admits nor denies for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

16.    In answer to paragraph 16, this Defendant denies the allegation contained therein for the reason it is untrue.

17.    In answer to paragraph 17, this Defendant denies the allegation

contained therein for the reason it is untrue.

18. In answer to paragraph 18, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

19. In answer to paragraph 19, this Defendant denies the allegation contained therein for the reason it is untrue.

20. In answer to paragraph 20, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

21. In answer to paragraph 21, this Defendant denies that Plaintiff can seek the relief sought in this paragraph. In further answer to this allegation, this Defendant denies any violations of any Constitutional rights of the United States Constitution or that of the State of Michigan for the reason that said allegation is untrue. In answer to any remaining allegations contained therein, this Defendant neither admits nor denies for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

22. In answer to paragraph 22, this Defendant denies that Plaintiff is entitled to seek any compensation of any sorts or any remedy against him for the reason that said allegation is untrue.

23.     In answer to paragraph 23, this Defendant denies that Plaintiff can seek the relief sought in this paragraph.  In further answer to this allegation, this Defendant denies any violations of any Constitutional rights of the United States Constitution or that of the State of Michigan for the reason that said allegation is untrue.  In answer to any remaining allegations contained therein, this Defendant neither admits nor denies for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

### JURISDICTION

24.     In answer to paragraph 24, this Defendant denies that Plaintiff has a viable cause of action under 42 U.S.C., §§ 1983 and 1988, as well as under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution the reason that said allegation is untrue.  In further answer, Plaintiff has no legal viable claim against this Defendant of the Michigan Constitution.

25.     In answer to paragraph 25, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

26.     In answer to paragraph 26, this Defendant denies the allegation contained therein for the reason it is untrue.

27.     In answer to paragraph 27, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form

a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

## VENUE

28.     In answer to paragraph 28, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

29.     In answer to paragraph 29, this Defendant denies the allegation contained therein for the reason it is untrue.

## PARTIES

30.     In answer to paragraph 30, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

31.     In answer to paragraph 31, this Defendant acknowledges that the City of Detroit is a municipal corporation authorized and created by the laws of the State of Michigan.  This Defendant also acknowledges that the City of Detroit has a fine police department and this fine police department has promulgated policies and has hired trained and supervised as well as disciplined members of the police department.  In answer to any remaining allegations contained therein, this Defendant neither admits nor denies for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

32. In answer to paragraph 32, this Defendant acknowledges that the City of Detroit does have an excellent police department.

33. In answer to paragraph 33, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

34. In answer to paragraph 34, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

35. In answer to paragraph 35, this Defendant acknowledges that he was a police officer. In answer to any remaining allegations contained therein, this Defendant neither admits nor denies for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

36. In answer to paragraph 36, this Defendant acknowledges that Robert Collinash was a police officer. In answer to any remaining allegations contained therein, this Defendant neither admits nor denies for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

37. In answer to paragraph 37, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

8

38.     In answer to paragraph 38, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

39.     In answer to paragraph 39, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

40.     In answer to paragraph 40, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

41.     In answer to paragraph 41, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

42.     In answer to paragraph 42, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

43.     In answer to paragraph 43, this Defendant denies the allegation contained therein for the reason it is untrue.

### STATEMENT OF FACTS

44.     Defendant hereby incorporates by reference his answers to paragraphs 1 through 43 above, as if fully set forth herein.

45. In answer to paragraph 45, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

46. In answer to paragraph 46, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

47. In answer to paragraph 47, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

48. In answer to paragraph 48, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

49. In answer to paragraph 49, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

50. In answer to paragraph 50, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

51. In answer to paragraph 51, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form

a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

52. In answer to paragraph 52, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

53. In answer to paragraph 53, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

54. In answer to paragraph 54, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

55. In answer to paragraph 55, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

56. In answer to paragraph 56, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

57. In answer to paragraph 57, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

58. In answer to paragraph 58, this Defendant neither admits nor denies the

allegations contained therein for want of sufficient information upon which to form

a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

59.     In answer to paragraph 59, this Defendant neither admits nor denies the

allegations contained therein for want of sufficient information upon which to form

a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

60.     In answer to paragraph 60, this Defendant neither admits nor denies the

allegations contained therein for want of sufficient information upon which to form

a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

61.     In answer to paragraph 61, this Defendant neither admits nor denies the

allegations contained therein for want of sufficient information upon which to form

a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

62.     In answer to paragraph 62, this Defendant neither admits nor denies the

allegations contained therein for want of sufficient information upon which to form

a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

**Defendants' Orchestrated an Impermissibly Suggestive Photographic Array and Improperly Influenced The Corporeal Lineup**

63.     In answer to paragraph 63, this Defendant neither admits nor denies the

allegations contained therein for want of sufficient information upon which to form

a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

64.     In answer to paragraph 64, this Defendant neither admits nor denies the

allegations contained therein for want of sufficient information upon which to form

a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

65. In answer to paragraph 65, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

66. In answer to paragraph 66, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

67. In answer to paragraph 67, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

68. In answer to paragraph 68, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

69. In answer to paragraph 69, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

70. In answer to paragraph 70, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

71. In answer to paragraph 71, this Defendant neither admits nor denies the

allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

72.     In answer to paragraph 72, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

73.     In answer to paragraph 73, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

74.     In answer to paragraph 74, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

75.     In answer to paragraph 75, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

76.     In answer to paragraph 76, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

77.     In answer to paragraph 77, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

78. In answer to paragraph 78, this Defendant denies the allegation contained therein for the reason it is untrue.

79. In answer to paragraph 79, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

80. In answer to paragraph 80, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

81. In answer to paragraph 81, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

82. In answer to paragraph 82, this Defendant denies the suggestion that he pressured anyone to lie under oath for the reason that said allegation is untrue. In answer to any remaining allegations contained therein, this Defendant neither admits nor denies the allegations for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

83. In answer to paragraph 83, this Defendant denies that he forced anyone to lie and provide false testimony for the reason that said allegation in untrue. In answer to any remaining allegations contained therein, this Defendant neither admits nor denies

the allegations for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

84.    In answer to paragraph 84, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

85.    In answer to paragraph 85, this Defendant denies the allegation contained therein for the reason it is untrue.

86.    In answer to paragraph 86, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

87.    In answer to paragraph 87, this Defendant denies the allegation contained therein for the reason it is untrue.

88.    In answer to paragraph 88, this Defendant denies the allegation contained therein for the reason it is untrue.

89.    In answer to paragraph 89, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

90.    In answer to paragraph 90, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

91.     In answer to paragraph 91, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

92.     In answer to paragraph 92, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

### **Defendants Intimidate and Threaten Alibi Witnesses**

93.     In answer to paragraph 93, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

94.     In answer to paragraph 94, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

95.     In answer to paragraph 95, this Defendant denies that he intimidated, harassed or pressured any witness to give false incriminating testimony for the reason that said allegation is untrue.  In answer to any remaining allegations contained therein, this Defendant neither admits nor denies the allegations for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

96. In answer to paragraph 96, this Defendant denies that he intimidated, harassed or pressured any witness to give false incriminating testimony for the reason that said allegation is untrue. In answer to any remaining allegations contained therein, this Defendant neither admits nor denies the allegations for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

97. In answer to paragraph 97, this Defendant denies the allegation contained therein for the reason it is untrue.

### Plaintiff Maintained His Innocence

98. In answer to paragraph 98, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

99. In answer to paragraph 99, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

100. In answer to paragraph 100, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

101.   In answer to paragraph 101, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

102.   In answer to paragraph 102, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

103.   In answer to paragraph 103, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

104.   In answer to paragraph 104, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

105.   In answer to paragraph 105, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

106.    In answer to paragraph 106, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

107.    In answer to paragraph 107, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

108.    In answer to paragraph 108, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

109.    In answer to paragraph 109, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

110.    In answer to paragraph 110, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

111.   In answer to paragraph 111, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

112.   In answer to paragraph 112, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

**Defendant City of Detroit's Custom, Pattern, and Practice of Failing to Adequately Train, Supervise, and Discipline Defendant Police Officers in Connection with Felony Investigations**

113.   In answer to paragraph 113, this Defendant denies the allegation contained therein for the reason it is untrue.

114.   In answer to paragraph 114 (a) -- (d), this Defendant denies the allegations contained therein for the reason they are untrue.

115.   In answer to paragraph 115, this Defendant denies the allegation contained therein for the reason it is untrue.

116.   In answer to paragraph 116 (a) -- (f), this Defendant denies the allegations contained therein for the reason they are untrue.

117.   In answer to paragraph 117, this Defendant denies the allegation contained therein for the reason it is untrue.

118. In answer to paragraph 118, this Defendant denies the allegation contained therein for the reason it is untrue.

## DAMAGES

119. In answer to paragraph 119 a. – e., this Defendant denies the allegations contained therein for the reason they are untrue.

## CLAIMS

### FIRST CLAIM FOR RELIEF

**42 U.S.C. § 1983: FOURTH, AND FOURTEENTH AMENDMENT VIOLATIONS FABRICATION OF INCULPATORY EVIDENCE, AND COERCION**

120. Defendant hereby incorporates by reference his answers to paragraphs 1 through 119 above, as if fully set forth herein.

121. In answer to paragraph 121, this Defendant denies the allegation contained therein for the reason it is untrue.

122. In answer to paragraph 122, this Defendant denies the allegation contained therein for the reason it is untrue.

123. In answer to paragraph 123, this Defendant denies the allegation contained therein for the reason it is untrue.

124. In answer to paragraph 124, this Defendant denies the allegation contained therein for the reason it is untrue.

125. In answer to paragraph 125 (a) -- (b), this Defendant denies the allegations contained therein for the reason they are untrue.

126. In answer to paragraph 126, this Defendant denies the allegation contained therein for the reason it is untrue.

127. In answer to paragraph 127, this Defendant denies the allegation contained therein for the reason it is untrue.

128. In answer to paragraph 128, this Defendant denies the allegation contained therein for the reason it is untrue.

129. In answer to paragraph 129 a. – b., this Defendant denies the allegations contained therein for the reason they are untrue.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1983: 5TH, 6TH AND 14TH AMENDMENTS**
**DENIAL OF DUE PROCESS: FABRICATION OF INCULPATORY EVIDENCE.**
**UNDULY SUGGESTIVE IDENTIFICATION PROCEDURES**

130. Defendant hereby incorporates by reference his answers to paragraphs 1 through 129 above, as if fully set forth herein.

131. In answer to paragraph 131, this Defendant denies the allegation contained therein for the reason it is untrue.

132. In answer to paragraph 132, this Defendant denies the allegation contained therein for the reason it is untrue.

133. In answer to paragraph 133, this Defendant denies the allegation contained therein for the reason it is untrue.

134. In answer to paragraph 134, this Defendant denies the allegation contained therein for the reason it is untrue.

23

135.   In answer to paragraph 135, this Defendant denies the allegation contained therein for the reason it is untrue.

136.   In answer to paragraph 136, this Defendant denies the allegation contained therein for the reason it is untrue.

137.   In answer to paragraph 137, this Defendant denies the allegation contained therein for the reason it is untrue.

138.   In answer to paragraph 138, this Defendant denies the allegation contained therein for the reason it is untrue.

139.   In answer to paragraph 139, this Defendant denies the allegation contained therein for the reason it is untrue.

140.   In answer to paragraph 140 a. – t., this Defendant denies the allegations contained therein for the reason they are untrue.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – MONELL CLAIM
### DEFENDANT CITY OF DETROIT

141.   Defendant hereby incorporates by reference his answers to paragraphs 1 through 140 above, as if fully set forth herein.

142.   In answer to paragraph 142, this Defendant denies the allegation contained therein for the reason it is untrue.

143.   In answer to paragraph 143, this Defendant denies the allegation contained therein for the reason it is untrue.

144. In answer to paragraph 144, this Defendant denies the allegation contained therein for the reason it is untrue.

145. In answer to paragraph 145, this Defendant denies the allegation contained therein for the reason it is untrue.

146. In answer to paragraph 146, this Defendant denies the allegation contained therein for the reason it is untrue.

147. In answer to paragraph 147, this Defendant denies the allegation contained therein for the reason it is untrue.

148. In answer to paragraph 148 (a) -- (t), this Defendant denies the allegations contained therein for the reason they are untrue.

### FOURTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT – STATE LAW

149. Defendant hereby incorporates by reference his answers to paragraphs 1 through 148 above, as if fully set forth herein.

150. In answer to paragraph 150, this Defendant denies the allegation contained therein for the reason it is untrue.

151. In answer to paragraph 151, this Defendant denies the allegation contained therein for the reason it is untrue.

152. In answer to paragraph 152, this Defendant denies the allegation contained therein for the reason it is untrue.

153. In answer to paragraph 153 (a) -- (t), this Defendant denies the allegations contained therein for the reason they are untrue.

## FIFTH CLAIM FOR RELIEF

### CIVIL CONSPIRACY – STATE LAW

154. Defendant hereby incorporates by reference his answers to paragraphs 1 through 153 above, as if fully set forth herein.

155. In answer to paragraph 155, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

156. In answer to paragraph 156, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

157. In answer to paragraph 157, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

158. In answer to paragraph 158, this Defendant neither admits nor denies the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments, and therefore leaves the Plaintiff to his proof.

159. In answer to paragraph 159 (a) -- (t), this Defendant denies the allegations contained therein for the reason they are untrue.

## SIXTH CLAIM FOR RELIEF
### GROSS NEGLIGENCE – STATE LAW

160. Defendant hereby incorporates by reference his answers to paragraphs 1 through 159 above, as if fully set forth herein.

161. In answer to paragraph 161 (a) -- (f), this Defendant denies the allegations contained therein for the reason they are untrue.

162. In answer to paragraph 162, this Defendant denies the allegation contained therein for the reason it is untrue.

163. In answer to paragraph 163 (a) -- (t), this Defendant denies the allegations contained therein for the reason they are untrue.

## SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTION HARM – STATE LAW

164. Defendant hereby incorporates by reference his answers to paragraphs 1 through 163 above, as if fully set forth herein.

165. In answer to paragraph 165 (a) -- (c), this Defendant denies the allegations contained therein for the reason they are untrue.

166. In answer to paragraph 166 (a) -- (b), this Defendant denies the allegations contained therein for the reason they are untrue.

WHEREFORE, this Defendant prays for a judgment of no cause for action, together with an award of costs, interest and attorney fees in its favor that were wrongfully incurred.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

*/s/ T. Joseph Seward (P35095)*
*Attorneys for Defendants Collinash and*
*Laurencelle, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
Dated:   December 27, 2023          E: jseward@sewardhenderson.com

28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY ISHO (formally WALEED ISHO),

      Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
DETROIT POLICE DETECTIVE THOMAS HORNER,
DETROIT POLICE OFFICER TERRENCE LAURENCELLE,
DETROIT POLICE SERGEANT WILLIAM PENDERGAST,
DETROIT POLICE LIEUTENANT JAMES AKRON,
DETROIT POLICE SERGEANT RON CONNELL,
DETROIT POLICE OFFICER ROBERT COLLINASH,
AGENT KIRK FLASHNER ARSON EXPLOSIVE UNIT ATF,
INVESTIGATOR JAMES MAY,
ATF AGENT MARY LOU FOLTS,
ATF AGENT PATRICIA PANNUTO,
ATF AGENT MARK DILLOW,
DETROIT POLICE SERGEANT ROBERT WILSON,
DETROIT POLICE OFFICER DAVID PAUCH,
DETROIT POLICE OFFICER RAYMOND JEFFRIES,
Current and/or former DETROIT POLICE SUPERVISORS, all
acting in their official and/or individual capacities, OTHER AS-OF-YET
UNKNOWN EMPLOYEES OF THE CITY OF DETROIT, and OTHER AS-OF-YET
UNKNOWN EMPLOYEES AND/OR AGENTS OF THE ATF,
jointly and severally,

      Defendants.

Case No. 2:23-cv-12614-LJM-CI
Hon. Laurie J. Michelson
Mag. Judge Curtis Ivy, Jr.

**NEUBAUER LEGAL SERVICES**
By:    Marie W. Neubauer (P71556)
*Attorneys for Plaintiff*
3128 Walton Blvd. #226
Rochester Hills, MI 48309
P: (248) 629-9694
E: neubauerlegal@gmail.com

**SEWARD HENDERSON PLLC**
By: T. Joseph Seward (P35095)
       Kali M. L. Henderson (P76479)
*Attorneys for Defendants Collinash and*
*Laurencelle, only*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com
E. khenderson@sewardhenderson.com

**THE LUCAJ LAW FIRM, PLLC**
By:    Valentina Lucaj (P70862)
*Attorneys for Plaintiff*
101 W. Big Beaver Rd., Suite 1000
Troy, MI 48084
P: (248) 457-7000
E: valentina@lucajlaw.com

---

## RELIANCE UPON JURY DEMAND

NOW COMES Defendant, **TERRENCE LAURENCELLE**, only, by and through

his attorneys, **SEWARD HENDERSON PLLC**, and hereby relies upon the jury demand

previously filed by Plaintiff in this matter.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 */s/ T. Joseph Seward (P35095)*
*Attorneys for Defendants Collinash and*
*Laurencelle, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633

Dated:   December 27, 2023   E: jseward@sewardhenderson.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY ISHO (formally WALEED ISHO),          Case No. 2:23-cv-12614-LJM-CI
                                           Hon. Laurie J. Michelson
          Plaintiff,                       Mag. Judge Curtis Ivy, Jr.

v.

CITY OF DETROIT, a municipal corporation,
DETROIT POLICE DETECTIVE THOMAS HORNER,
DETROIT POLICE OFFICER TERRENCE LAURENCELLE,
DETROIT POLICE SERGEANT WILLIAM PENDERGAST,
DETROIT POLICE LIEUTENANT JAMES AKRON,
DETROIT POLICE SERGEANT RON CONNELL,
DETROIT POLICE OFFICER ROBERT COLLINASH,
AGENT KIRK FLASHNER ARSON EXPLOSIVE UNIT ATF,
INVESTIGATOR JAMES MAY,
ATF AGENT MARY LOU FOLTS,
ATF AGENT PATRICIA PANNUTO,
ATF AGENT MARK DILLOW,
DETROIT POLICE SERGEANT ROBERT WILSON,
DETROIT POLICE OFFICER DAVID PAUCH,
DETROIT POLICE OFFICER RAYMOND JEFFRIES,
Current and/or former DETROIT POLICE SUPERVISORS, all
acting in their official and/or individual capacities, OTHER AS-OF-YET
UNKNOWN EMPLOYEES OF THE CITY OF DETROIT, and OTHER AS-OF-YET
UNKNOWN EMPLOYEES AND/OR AGENTS OF THE ATF,
jointly and severally,

          Defendants.

**NEUBAUER LEGAL SERVICES**
By: Marie W. Neubauer (P71556)
*Attorneys for Plaintiff*
3128 Walton Blvd. #226
Rochester Hills, MI 48309
P: (248) 629-9694
E: neubauerlegal@gmail.com

**SEWARD HENDERSON PLLC**
By: T. Joseph Seward (P35095)
Kali M. L. Henderson (P76479)
*Attorneys for Defendants Collinash and Laurencelle, only*
210 E. 3rd Street, Suite 212
Royal Oak, MI 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com
E. khenderson@sewardhenderson.com

**THE LUCAJ LAW FIRM, PLLC**
By: Valentina Lucaj (P70862)
*Attorneys for Plaintiff*
101 W. Big Beaver Rd., Suite 1000
Troy, MI 48084
P: (248) 457-7000
E: valentina@lucajlaw.com

---

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. That Plaintiff cannot seek equitable relief based upon the allegations in the complaint.

2. That this matter is barred in whole or in part by the statute of limitations.

3. This Defendant is entitled to invoke the doctrine of qualified immunity which bars the claims made herein.

4. That Plaintiff fails to state any facts that show any inappropriate conduct by this Defendant, and as such, the claims against him must be dismissed.

5. That Plaintiff does not have a claim under the Michigan Constitution, and as such, the claims here must be dismissed.

32

6.     That Plaintiff does not have a cause of action under some or all of the Constitutional Amendments referenced in the complaint, and as such, the claims herein must be dismissed.

7.     That the doctrine of governmental immunity bars the claims made herein.

8.     That the allegations in the complaint do not support a claim for gross negligence, and as such, the claims herein must be dismissed.

9.     That Plaintiff has failed to plead facts showing that this Defendant's conduct demonstrates a substantial lack of concern for whether an injury results, and as such, the claims herein must be dismissed.

10.     That this Defendant's actions involved discretionary acts performed in good faith, and as such, some or all of the claims herein must be dismissed.

11.     That at all times hereto, probable cause existed, and as such, that is fatal to Plaintiff's cause of action.

12.     The doctrine of res judicata and/or collateral estoppel bars the claims made herein.

13.     That Plaintiff had an opportunity to contest the evidence against him, and the findings of probable cause or the continuation of his arrest and ultimate trial constitutes a binding fact on Plaintiff which proves fatal to the claims made herein.

Defendant reserves the right to list additional affirmative defenses as they become known during the course of this litigation.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 */s/ T. Joseph Seward (P35095)*
*Attorneys for Defendants Collinash and*
*Laurencelle, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
Dated:   December 27, 2023          E: jseward@sewardhenderson.com

**PROOF OF SERVICE**

I hereby certify that on **Wednesday, December 27, 2023**, I electronically filed the foregoing documents with the Clerk of the Court using the ECF system, which will send notification to the following: ***All Parties and Attorneys of Record.***

 */s/ LaYawn N. Butler*
**SEWARD HENDERSON PLLC**
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
T: (248) 733-3580
F: (248) 733-3633
E: admin-asst@sewardhenderson.com

34