UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY ISHO,

                  Plaintiff,

v.

THOMAS HORNER, et al.,

                  Defendants.

_____/

Case No. 2:23-cv-12614

Honorable Susan K. DeClercq
United States District Judge

## CASE MANAGEMENT ORDER

On May 19, 2026, counsel for the parties appeared before this Court for a case management status conference. *See* ECF No. 67. At the conference, which was held off the record, defense counsel alerted this Court that Plaintiff had recently sent Defendants a large number of documents that appeared as if they should have been produced much earlier in response to written discovery requests. Plaintiff's counsel agreed that the documents had been in their possession, but due to the way that they were electronically maintained, counsel did not realize until recently that some of the electronic files contained multiple documents. Plaintiff's counsel indicated that the failure to produce these documents earlier was truly an accidental oversight, and that as soon as they realized what had happened, they undertook a complete review of the materials in their possession and have been producing responsive documents to Defendants as quickly as they can.

Defense counsel indicated that no matter the reason, her clients have been prejudiced by this late production because they will now have to duplicate work that they had previously done, such as updating answers to interrogatories, re-taking depositions, etc. Moreover, defense counsel, understandably, is not confident in the informal assurances from Plaintiff's counsel that all responsive materials have been produced.

Accordingly, the parties agreed that an extension of the discovery period is required. They also agreed to a process to allow defense counsel to obtain additional information about the recently produced documents, including the process by which Plaintiff's counsel obtained, maintained, reviewed, and produced them.

Accordingly, as agreed upon at the status conference, **IT IS ORDERED** that:

- On or before **June 12, 2026**, defense counsel will provide Plaintiff's counsel with a list of all information that they believe to be still missing, as well as any documents that they have questions about.

- Counsel for the parties will meet and confer about the list provided by defense counsel at a date and time that is mutually agreeable, no later than **June 19, 2026**.

- On or before July 3, 2026, Plaintiff's counsel will provide to defense counsel a certification that all written discovery is completed.

- Defendants will be able to raise the issue of whether sanctions are warranted for Plaintiff's delayed production at a later date, in order to allow the parties to concentrate their immediate efforts on completing discovery.

- 3 -

- Fact discovery cutoff is extended by 120 days to **October 12, 2026.** Should defense counsel need additional time for discovery due to Plaintiff's delayed production, leave shall be freely given.

It is **FURTHER ORDERED** that the parties shall appear for a status conference via Teams on **July 13, 2026 at 2:00 p.m.**

**IT IS SO ORDERED.**

*/s/ Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 21, 2026

- 3 -